

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers
~~JXXXXXXXXXX~~PERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Pat Baene
County Attorney
Andrews County
Andrews, Texas

Opinion No. O-6950
Re: Does an independent school
district have the right to
vote and have issued bonds
for the purpose of construct-
ing a water system for its
public free school buildings?

Dear Sir:

     This will acknowledge receipt of your letter of
November 23, 1945, in which you propound to this department
for an opinion the following question:

     "Does an independent school district have
the right to vote and have issued bonds for the
purpose of constructing a water system for its
public free school buildings?"

     The power of counties, municipal corporations and
political subdivisions of this State to issue obligations in
a negotiable form must be found in the Constitution, or in
some valid statutory or charter provision.

     The power to issue negotiable paper for public im-
provements, or from money borrowed for such purpose, is a
power which is regarded as being beyond the scope of the power
of governing bodies of a political subdivision of this State,
unless it be specially granted. This extraordinary power when
granted can be exercised only in the mode and for the purposes
specified in the grant. (Underscoring ours) Keel v. Pulte,
10 S.W. (2d) 694, Lassiter v. Lopez, 217 S.W. 373, 34 Texas
Jurisprudence, page 639.

     It has always been the practice and policy of the
Attorney General's Department to disapprove bonds when any
reasonable doubt exists as to its authority to approve them.

     In the examination of bonds we proceed under the
statutes and decisions of the courts; beyond that we cannot go.
Our authority is limited by the law in the same manner as inde-
pendent school districts are limited and if the approval of any

Honorable Pat Beene, page 2, 0-6950


issue of bonds must depend upon an implied construction of the law purporting to authorize them, we feel that necessarily such extension of the statutory purpose lies solely within the authority of the courts.

In the view of the foregoing, this department would not issue an approving opinion on independent school district bonds voted for any purposes other than the purposes stated in Article 2784e, Revised Civil Statutes of Texas, said purposes being; "for the purchase, construction, repair, or equipment of public free school buildings within the limits of such district, and the purchase of the necessary sites therefor." (Underscoring ours)

Therefore, it is the opinion of this department that any bonds issued by the Andrews Independent School District would have to be voted and issued for the purposes stated above. However, in our Opinion No. 0-2547, a copy of which is enclosed herewith, we held that the proceeds of bonds voted for the above stated purposes could be used to construct a water system being held to be a part of the equipment of said buildings.

Trusting this answers your question, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Claud O. Boothman

By

Claud O. Boothman
Assistant.

COB:EP/cg

Encl.


Approved Nov. 30, 1945
s/ Carlos Ashley
First Assistant Attorney General